THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| STEPHEN W. RINEHART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ENVIRONMENTAL DYNAMICS, INC., et al., | ) Case No. 09-4221-CV-C-NKL |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

Pending before the Court is a Partial Motion to Dismiss [Doc. # 2]. Defendants Environmental Dynamics, Inc., and Kelly Hewitt seek to dismiss Counts I, II, and V of Plaintiff's Complaint. For the reasons stated below, the Court grant's Defendants' motion.

**I.    Background**

Plaintiff Stephen Rinehart brings this action related to a back injury he sustained on October 31, 2007 and November 2, 2007, while employed by Defendant Environmental Dynamics, Inc. Rinehart also named as a defendant Kelly Hewitt, the human resources manager for Environmental Dynamics. Plaintiff alleges six counts in his Complaint: Breach of Contract (Count I); Violation of Americans with Disabilities Act ("ADA") (Count II); Violation of Employees Retirement and Income Security Act ("ERISA") (Count III); Wrongful Termination (Count IV); Tortious Interference with a Contract (Count V); and Punitive Damages (Count VI). Defendants seek dismissal of Counts I, II and V.

## II. Discussion

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). However, the Court need not accept as true legal conclusions in the Complaint. *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009). A plaintiff must allege enough facts to "nudge" its claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether a complaint states a claim for relief, a "context-specific" analysis is required and the reviewing court must "draw on its judicial experience and common sense." *Ashcroft*, 129 S. Ct. at 1950.

### A. Counts I and V–Breach of Contract and Tortious Interference with Contract Claims

In Counts I and V, Rinehart alleges Defendants allege an improper denial of his rights to long term disability benefits under a breach of contract theory (Count I) against Defendants Environmental Dynamics and Hewitt and a tortious interference with contract theory (Count V) against Defendant Hewitt.

Defendants argue that Counts I and V are preempted by ERISA. Rinehart responds that Count I "likely falls afoul" of the decision in *Pilot Life Insurance Co. v. Dedaux*, 481 U.S. 41 (1987). *Pilot Life* held that ERISA preempted a plaintiff's common law tort and contract claims. *Id.* at 54. However, Rinehart also argues that Count V is not preempted because it is asserted against an employee for an independent tort.

ERISA was designed to "establish pension plan regulation as exclusively a federal concern." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981). Therefore, ERISA preempts state laws that "relate to" any employee benefit plan described in the statute. 29 U.S.C. § 1144(a). The Supreme Court has "long acknowledged that ERISA's preemption provision is clearly expansive." *California Div. of Labor Standards Enforcement v. Dillingham Constr.*, 519 U.S. 316, 324 (1997). The preemption clause has "a broad scope, and an expansive sweep, and [is] broadly worded, deliberately expansive, and conspicuous for its breadth." *Id.*

This case falls squarely within ERISA's preemption provision. Both Counts I and V relate to Rinehart's allegations that Defendants improperly denied him rights to long term disability benefits. Rinehart even admits that his breach of contract claim relates to his employee benefit plan. Further, the fact that Rinehart sued an employee directly for tortious interference of contract does overcome ERISA preemption. *See, e.g.*, *Hillard v. Dobelman*, 774 F.2d 886, 887 (8th Cir. 1985) ("A plaintiff cannot avoid federal preemption by naming an individual supervisor rather than the employer, as defendant in an action arising from the collective bargaining agreement."); *Smith v. Logan*, 363 F. Supp. 2d 804, 810 (E.D. Va. 2004) ("Plaintiff cannot deny the fact that she is seeking benefits under ERISA simply because she chooses to sue an officer or employee of the company and not the company."). Accordingly, Counts I and V are properly dismissed because they are preempted by ERISA.

    **B.**    **Count II–Violation of the Americans with Disabilities Act**

In Count II of his Complaint, Rinehart alleges that Defendants violated the ADA. Defendants argue that Rinehart has failed to satisfy the jurisdictional prerequisites for filing an ADA claim in that Rinehart fails to allege that he filed a discrimination charge with the appropriate agency and subsequently received a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1). Rinehart responds that he is not claiming discrimination but he is alleging that Environmental Dynamics failed to give him a reasonable accommodation when he suffered his back injury.

Contrary to Rinehart's assertion, "[u]nder the ADA, an employee must file a charge of discrimination-including failure to accommodate-within 300 days of the alleged discrimination." *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1032 (8th Cir. 2005) (citing 42 U.S.C. § 12117). Rinehart's Complaint is void of any allegation that he filed a discrimination charge with the appropriate agency. Accordingly, this claim against Defendants is dismissed.

**III. Conclusion**

Accordingly, it is hereby

ORDERED that Defendants' Partial Motion to Dismiss [Doc. # 2] is GRANTED. Counts I, II, and V of Plaintiff Stephen Rinehart's Complaint are dismissed against Defendants Environmental Dynamics, Inc., and Kelly Hewitt.

                                                  s/ Nanette K. Laughrey
                                                  NANETTE K. LAUGHREY
                                                  United States District Judge

Dated: January 4, 2010
Jefferson City, Missouri